UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

THE UNITED STATES OF AMERICA                                    02-CR-171E

            -vs-
                                                               MEMORANDUM
USA REMEDIATION SERVICES, INC. and
COMPREHENSIVE EMPLOYEE MANAGEMENT,                                  and
    INC., also known as CEM, Inc. and
MARK JAMIESON,                                                   ORDER[1]
ROBERT BIRMINGHAM,
JOHN TONER and
COREY SEAMON

───────────────────────────────

        Defendants were charged with various crimes stemming from the allegedly improper

removal of asbestos from the Westinghouse Electric Company facility ("Westinghouse")

adjacent to the Buffalo-Niagara International Airport.  In an indictment filed on September 6,

2002 ("the Indictment"), defendant Comprehensive Employee Management, Inc ("CEM") was

charged with having violated (1) 18 U.S.C. §371 (2000) (conspiracy to commit offense) (Count

1) and (2) the Clean Air Act ("CAA"), 42 U.S.C. §7413(c)(1) (2003) (Counts 2-7).   The

Indictment alleges that, through a series of contracts, the Niagara Frontier Transportation

Authority ("NFTA") contracted for certain asbestos removal work with respect to the demolition

of Westinghouse.[2]  On July 2, 2003, CEM filed a motion ("CEM's Motion") seeking, *inter alia*,

(1) to join in a Motion to Dismiss filed by USA Remediation Services, Inc. ("Remediation") (2)

───────────────────────

        [1]This decision may be cited in whole or in any part.

        [2]The NFTA contracted with Ontario Specialty Contracting, Inc. ("OSC") to demolish
Westinghouse.  OSC in turn subcontracted with USA Remediation Services, Inc. ("Remediation") to
perform the asbestos removal.  OSC contracted with CEM to ensure that the asbestos removal
performed by Remediation was performed in compliance with applicable state and federal regulations.

to join in the motions filed by co-defendants "as applicable", (3) dismissal of Counts 4-7 as multiplicitous of Counts 2-3 and (4) dismissal of Count 3 as multiplicitous of Count 2.  CEM's Motion also sought certain discovery.  The undersigned referred CEM's Motion to Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. §636(b)(1)(A) & (B) (Supp. 2004) for consideration of the merits and legal issues raised therein.

Judge Schroeder's Report and Recommendation ("R&R") dated November 22, 2004 recommended that CEM's Motion be granted in part and denied in part such that Counts 2, 4 and 6 be consolidated into one count and that Counts 3, 5, and 7 be consolidated into another count.  In other words, Judge Schroeder found that (1) 40 C.F.R. §61.145(a)(1)(i) & (c)(3) ("the Wetting Regulation") and 40 C.F.R. §61.145(a)(1)(i) & (c)(6) ("the Lowering Regulation") set forth separate offenses and (2) the defendants' violation of the CAA on three separate days was a continuing violation rather than three separate offenses.

Judge Schroeder's Decision and Order ("D&O") dated November 22, 2004 granted, *inter alia*, CEM's request to join in motions filed by its co-defendants, including Remediation's Motion to Dismiss.  In addition to Remediation's Motion to Dismiss, CEM appears to have joined in motions filed by defendants Jamieson and Toner — CEM indicated that it "*joins in the motion of the co-defendant[']s [sic] as they are or may be applicable or relevant to this defendant.*"  CEM Motion ¶22 (emphasis added).  Although this Court believes that it is improper for CEM's counsel to ask this Court to do his job — to wit, deciding which aspects of CEM's co-defendants' motions are "applicable or relevant" to CEM, this Court will

nonetheless deem CEM to have joined in all aspects of the motions filed by Jamieson, Toner and Remediation.

After obtaining an extension of the filing deadline, CEM filed its objections to the R&R and D&O on January 3, 2005 ("Objections").  The United States of America ("USA") filed its objections to the R&R on January 3, 2005 ("the USA's Objections").  Oral arguments were heard and these matters were submitted on March 11, 2005.  For the reasons set forth below, CEM's Objections will be overruled, the USA's Objections will be overruled and the R&R will be adopted in part.

With respect to the R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" and may adopt those parts of the R&R to which no *specific* objection is raised, so long as such are not clearly erroneous.  28 U.S.C. §636(b)(1)(C) (Supp. 2004).[3]  Conversely, the undersigned must make a *de novo* determination with respect to those portions of the R&R to which specific objections have been made.[4]  Rule 58.2(a)(3) of the Local Rules of Criminal Procedure ("LRCrP") requires parties objecting to an R&R to:

> "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

---

[3]*See also Black* v. *Walker*, 2000 WL 461106, at *1 (W.D.N.Y. 2000).

[4]28 U.S.C. §636(b)(1)(C); *United States* v. *Raddatz*, 447 U.S. 667, 675-676 (1980); *Sieteski* v. *Kuhlmann*, 2000 WL 744112, at *1 (W.D.N.Y. 2000).

The relevant language in LRCrP 58.2(a)(3) is verbatim of Rule 72.3(a)(3) of the Local Rules of Civil Procedure ("LRCvP") and case law construing one is equally applicable to the other.[5]

The undersigned has previously noted that failure to comply with LRCvP 72.3(a)(3) "justifies dismissal of the objections."[6]   Moreover, Chief Judge Arcara of this Court has noted that LRCvP 72.3(a)(3)'s predecessor required an objecting party to "'pinpoint' specific portions of the report and recommendation to which it objected."[7]   Furthermore, this Court will not address any arguments not previously presented to the magistrate judge.[8]   Finally, objecting parties may not simply re-hash arguments presented to the magistrate judge.[9]

Moreover, with respect to the D&O, this Court may reconsider an order issued by a magistrate judge if "it has been shown that the magistrate judge's order is clearly erroneous or

---

[5]Not surprisingly, the local rules track the language of subsections 636(b)(1)(A) & (B). Consequently, case law construing subsections 636(b)(1)(A) & (B) is equally applicable to a consideration of LRCvP 72.3(a)(3) and LRCrP 58.2(a)(3).  *Cf. United States* v. *Male Juvenile*, 121 F.3d 34, 38-39 (2d Cir. 1997) (applying civil cases construing standard of review set forth in section 636(b)(1)(B) when reviewing a criminal defendant's appeal of an admissibility ruling).

[6]*Galvin* v. *Kelly*, 79 F. Supp. 2d 265, 267 (W.D.N.Y. 2000) (citing *Camardo* v. *GM Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); *see also M.L. Williams* v. *Relin*, 1999 WL 454335, at *2 n.2 (W.D.N.Y. 1999) (declining to review "any portion of the R & R to which no specific objection has been made") *Travelers Ins. Co.* v. *Monpere*, 1995 WL 591141, at *1-2 (W.D.N.Y. 1995) (holding that a "specific" objection must do more than conclusorily claim that the R&R is wrong).

[7]*Camardo*, *supra* note 6, at 382.

[8]*Galvin*, *supra* note 6, at 267.

[9]*Mario* v. *P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either [FRCvP 72(b) or LRCvP 72.3(a)(3)]."); *Camardo*, *supra* note 6, at 382 ("It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a Report and Recommendation ∗∗∗ .").

contrary to law." 28 U.S.C. §636(b)(1)(A) (Supp. 2004).[10] LRCrP 58.2(a)(2) instructs parties

objecting to an D&O as follows:

> "[t]he specific matters to which the party objects and the manner
> in which it is claimed that the order is clearly erroneous or
> contrary to law shall be clearly set out."

The relevant language in LRCrP 58.2(a)(2) is verbatim of LRCvP 72.3(a)(2) and case law

construing one is equally applicable to the other.[11]  The undersigned has previously noted that

"[a] magistrate's resolution of pretrial discovery disputes is entitled to substantial deference."[12]

CEM's appeal of the D&O, in its entirety, states as follows:

> "Defendant CEM, Inc. hereby appeals from portions of the
> aforementioned Decision and Order of United States Magistrate
> Judge H. Kenneth Schroeder, Jr., and joins in the appeals of the
> co-defendants to the extent that they apply to this Defendant"
> CEM's Objections ¶ 3.

This objection, however, failed to set forth *specific matters* to which CEM objects as is required

by LRCrP 58.2(a)(2).  Consequently, this Court need not review the D&O and will affirm such.

Moreover, the appeals of CEM's co-defendants have been denied and its subsidiary appeal

likewise fails.[13]

---

[10]*See also United States of Am.* v. *Mingle*, 2004 WL 1746936, at *2 (W.D.N.Y. 2004) (applying clear-error standard of review when reviewing magistrate judge's decision and order addressing a criminal defendant's discovery motion).

[11]See footnote 5 *supra*.

[12]*Travelers*, *supra* note 6, at *1.

[13]An additional possible ground for denial of CEM's appeal is the fact that it was filed more than ten days after CEM was served with a copy of the D&O.  This Court issued an Order dated December 3, 2004 granting all parties an extension of time to file, *inter alia*, appeals to decisions and orders rendered by Judge Schroeder on November 22, 2004.  Nonetheless, upon further reflection, this Court
(continued...)

The USA objects to the R&R's recommendation that Counts 2, 4 and 6 be consolidated and that Counts 3, 5 and 7 be consolidated.  This Court, however, agrees with Judge Schroeder.  The fact that Congress provided civil penalties for each day of a violation of the CAA in subsection 7413(b), but that it did not do so with respect to the criminal penalties set forth in subsection 7413(c)(1) indicates that it did not intend to make each day of improper asbestos removal a separate violation of subsection 7413(c)(1).[14]  Accordingly, the USA's Objections will be overruled.

CEM's objection to the R&R, in its entirety, states as follows:

---

[13](...continued)
questions whether it has the authority to extend the deadline for filing appeals of orders rendered under subsection 636(b)(1)(A).  Indeed, the local rule governing appeals from decisions and orders does not state that district courts may extend the time for appeal, whereas the local rule governing objections to reports and recommendations and proposed findings of fact does specifically permit district courts to extend the filing deadline.  *Compare* LRCrP 58.2(a)(2) ("All orders of the Magistrate Judge issued pursuant to *** 28 U.S.C. § 636(b)(1)(A), *shall be final unless* within ten days after being served with a copy of the Magistrate Judge's order, a party files with the Clerk and serves upon opposing counsel a written statement specifying the party's objections to the Magistrate Judge's order.") (emphasis added) *with* LRCrP 58.2(a)(3) ("A party may object to proposed findings of fact and recommendations for dispositions submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), by filing with the Clerk and serving upon opposing counsel written objections to the proposed findings and recommendations within ten days after being served with a copy of such *** .  *The time for filing objections* to the proposed findings and recommendations *may be extended by direction of the District Judge*.") (emphasis added).  The fact that LRCrP 58.2(a)(2) does not contain the phrase "may be extended by direction of the District Judge" whereas LRCrP 58.2(a)(3) does contain such phrase indicates that the omission was intentional.  *Cf. Barnhart* v. *Sigmon Coal, Co.,* 534 U.S. 438, 452 (2002) ("[I]t is a general principle of statutory construction that when Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.") (internal quotation marks omitted).  Such an interpretation is further supported by the deference accorded to orders disposing of non-dispositive matters pursuant to section 636(b)(1)(A).  Nonetheless, in light of the basis for denial of CEM's appeal noted above, this Court need not address at this time whether district courts are permitted to extend the time for the filing of an appeal to a decision and order rendered by a magistrate judge pursuant to subsection 636(b)(1)(A).

[14]*Cf. Barnhart*, *supra* note 13, at 452.

> "Furthermore, Defendant CEM, Inc. hereby objects to portions of the aforementioned Report, Recommendation and Order of Magistrate Judge H. Kenneth Schroeder, Jr., and joins in the objections of the co-defendants to the extent that they apply to this Defendant." CEM's Objections ¶ 4.

This objection, however, failed to *specifically* identify the portions of the R&R to which CEM objected as required by LRCrP 58.2(a)(3). Consequently, this Court will review the R&R for clear error. This Court, however, finds clear error in the R&R's conclusion that the Lowering Regulation and the Wetting Regulation set forth separate offenses. Rather, the Lowering Regulation and the Wetting Regulation set forth separate ways in which to commit a single offense — to wit, violation of subsection 7413(c)(1). Consequently, CEM's Motion will be granted in part and Counts 2-7 will be consolidated.

Because CEM "joined in" objections filed by its co-defendants ("Subsidiary Objections"), CEM's Subsidiary Objections must meet the same fate as the underlying objections, which have all been denied.[15] To the extent necessary, this Court hereby incorporates by reference the Orders addressing the objections filed by CEM's co-defendants.[16] Accordingly, CEM's Subsidiary Objections will be overruled.[17]

---

[15]This Court has denied objections asserted by Remediation, Toner, and Jamieson.

[16]It was improper for CEM to join in objections of its "co-defendants to the extent that they apply to this Defendant." CEM's Objections ¶ 4. Even assuming *arguendo* that such joinder is permissible under LRCvP 58.2(a)(3), it is not appropriate to require a district court judge to sift through various objections to ascertain what arguments are applicable to CEM — that is the job of CEM's counsel. In any event, all of CEM's co-defendants' objections have been overruled and CEM's Subsidiary Objections will be likewise overruled.

[17]Had CEM incorporated by reference the arguments raised by its co-defendants in their objections — rather than having joined in such objections —, CEM may have been able to press those arguments despite the denial of the co-defendants' objections.

Accordingly, it is hereby **ORDERED** that CEM's Objections are overruled, that the USA's Objections are overruled, that Judge Schroeder's Report and Recommendation dated November 22, 2004 (docket no. 83) is adopted in part as set forth above, that Counts 2, 3, 4, 5, 6 and 7 shall be consolidated into a single count, that the United States of America shall file a new indictment in accordance with this Order, that CEM's appeal is dismissed and that Judge Schroeder's Decision and Order dated November 22, 2004 (docket no. 85) is affirmed.

DATED:        Buffalo, N.Y.

            May 19, 2005

                                    _____/s/ John T. Elfvin_____
                                         JOHN T. ELFVIN
                                           S.U.S.D.J.